T.C. Summary Opinion 2005-179

UNITED STATES TAX COURT

JOHN F. AND MICHELE L. HAJEK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19369-03S.          Filed December 6, 2005.

John F. and Michele L. Hajek, pro se.

<u>Shirley M. Francis</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the years at issue.

Respondent determined deficiencies of $3,818 and $4,275 in petitioners' Federal income taxes for 1999 and 2000, respectively.

The sole issue for decision is whether payments to John F. Hajek (petitioner) from his employer, in addition to his regular salary as an employee, constituted compensation for services rendered under section 61(a)(1), or whether such payments constituted a gift under section 102(a).

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Sandy, Oregon.

Since 1993, petitioner was the general manager of a corporation, Starwheel, Inc., which later changed its name to Star Stamping and Manufacturing (the corporation). The corporation's principal activity was a wheel tool and die business that made spoke wheels for cars and dies. The latter activity was described as "tooling to make all * * * different kinds of parts". The corporation was owned solely by petitioner's father-in-law, Roger Marchisset. Petitioner Michele L. Hajek, the daughter of Mr. Marchisset, had also worked for the corporation from 1995 to 1998. She was not an employee of the corporation during the years at issue.

For the years at issue, 1999 and 2000, petitioner's wages from the corporation were $20,200 and $15,600, respectively. On their joint Federal income tax returns for 1999 and 2000, these amounts were reported as income. However, in addition to his wages, petitioner also received from the corporation, generally on a weekly basis, payments that totaled $25,441 and $27,025, respectively, during 1999 and 2000. Over the years, petitioner received more than $150,000 in such payments beginning in 1995. The payments received in 1999 and 2000 were not included as income on petitioners' income tax returns for these years. It is these payments that are at issue in this case. Petitioners contend these payments were gifts and, therefore, do not constitute gross income. Respondent determined otherwise in the notice of deficiency.

For several years prior to 1999, the corporation experienced financial problems due largely to foreign competition. Mr. Marchisset had, from time to time, contributed additional moneys to keep the corporation afloat; however, over time, the corporation was unable to survive and ceased doing business in 2001. Before arriving at that point, however, in 1995, in an attempt to bolster the corporation's finances and in order to pay petitioner a salary commensurate for his services, Mr. Marchisset made an additional infusion of capital to the corporation that was identified or maintained as a separate account on the

corporation's books.  Based on a recommendation of the corporation's accountant, petitioner was allowed to draw out of this account on a weekly basis amounts that were to be considered as a gift by the corporation to petitioner.  No formal agreement was executed to evidence the character of these payments.  The belief was that, since these payments or draws were gifts and coming directly from funds that had been advanced by Mr. Marchisset, the payments would not constitute a wage or salary to petitioner; therefore, the corporation would avoid payroll taxes on the distributions, and, in addition, petitioners would enjoy the benefits of tax-free income, since the payments were believed to be gifts.  Respondent's examination, however, did not result in that hoped-for conclusion.  In the notice of deficiency, respondent determined that these payments constituted compensation for services rendered and, therefore, are gross income under section 61(a).  Petitioners differ with that determination.

Section 61 provides that gross income includes "all income from whatever source derived," unless otherwise provided.  The Supreme Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). All realized accessions to wealth are presumed taxable income,

unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation.  Id.  Moreover, section 1.61-2(a)(1), Income Tax Regs., provides that "Wages, salaries, commissions paid salesmen * * * are income to the recipients unless excluded by law".

Section 102(a) provides:  "Gross income does not include the value of property acquired by gift".  A payment constitutes a gift if it is given in a spirit of "'detached and disinterested generosity'" and not as compensation for services.  Commissioner v. Duberstein, 363 U.S. 278, 285-286 (1960) (quoting Commissioner v. Lo Bue, 351 U.S. 243, 246 (1956)).  The intent of the transferor determines whether the payment constitutes a gift.

The amounts petitioner received from his employer represented payments for his services.  Those amounts represented compensation for services rendered.  The moneys came from corporate funds.  Those amounts are includable in gross income including that portion of the payments that came out of the amounts advanced to the corporation by Mr. Marchisset.  None of the payments can even be remotely connected to a situation that could be considered as being "excluded by law" under section 1.61-2(a)(1), Income Tax Regs., or as a gift under section 102(a).  All the moneys paid to petitioner came out of the corporate bank account, and there was no written agreement that would have characterized those payments as anything but

compensation for services rendered.  Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>